Per Curiam.

We have several times decided that a debt due to a partnership is not necessarily goods, effects, or credits, of either of the partners. Before either partner can rightfully claim to his own use, or for the payment of his own debts, any of the partnership effects, the partnership must be solvent, and he must not be a debtor to it.
To ascertain these facts, a creditor who wishes to apply to the payment of his debt a debt due to the partnership, by this mode of attachment, ought also to summon as a trustee one of [ * 272 ] the partners, as well knowing the state of * the affairs of, the partnership; and if, on his examination, it shall appear that the principal has an interest in the partnership effects after their debts are all paid, that interest may be considered as effects or credits of the principal, and may be secured by the attachment.
In this case, no process against the other partner was issued ; and because Willet and Bullard are indebted to the partnership, we cannot conclude that they have effects of one of the partners, to be applied to the payment of his private debts. The trustees must therefore be discharged. (1)

 [See Pierce vs. Jackson, ante, 243 — Until all the partnership concerns are ascertained and adjusted, it is impossible to know whether a particular partner be a debtor or creditor of the firm. And a settlement of all the partnership concerns is, ordinarily, during the continuance of the partnership, unattainable at law ; and ever in equity it is not ordinarily enforced, except upon a dissolution of the partnership, (Storys Com. Part. c. 11, § 221,) and, therefore, no process, such as is mentioned in the text, could ordinarily be available during the copartnership. — Ed.]