LYNCHBURG, The. See Cases Nos. 6,451 and 12,261.

LYNDALL (ROBY v.). See Case No. 11,972.

---

## Case No. 8,640.

### LYNDON v. GORHAM et al.

#### [1 Gall. 367.] [1]

Circuit Court, D. Rhode Island. Nov. Term, 1812.

PARTNERSHIP — DEBTOR—TRUST RELATION—PARTNERSHIP PROPERTY—EXECUTION.

1. A debtor to a partnership cannot be held as trustee for the several or joint debt of one of the partners.

2. The corporeal property of a partnership cannot be taken in execution to satisfy the several debt of one partner, unless such partner would have an interest in the property after settlement of all accounts; and then to the extent of that interest only.

[Cited in Re Corbett, Case No. 3,220.]

[Cited in brief in McDermot v. Laurence, 7 Serg. & R. 439. Cited in Winston v. Ewing. 1 Ala. 129; Sheedy v. Second Nat. Bank. 62 Mo. 17; People's Bank v. Shryock, 48 Md. 434.]

See Story, Partn. §§ 373–384, where the authorities are collected and commented on.

[This was a suit by Nathaniel Lyndon against Gorham and Greene, and Silliman, their trustee.]

From the answer of the trustee in this case it appeared, that he had effects in his hands of the firm of Gorham & Lawrence, but not of the firm of Gorham & Greene, or of either of them separately. The single question for the consideration of the court was, whether the share of one partner in a partnership credit could be attached under a foreign attachment, to pay the several or joint debt of one partner.

Mr. Robbins, for plaintiff, argued, that such a credit might be attached; that it was not necessary, that all the partners should be before the court, in order to ascertain whether the partner sued was a debtor or creditor of the joint fund. He likened it to a case of goods owned by partners, which might be seized on execution, and the moiety of the judgment debtor might be sold on execution. And in answer to a question from the court, as to the proportion for which the trustee in this case ought to be held responsible, he said, that as the shares of the partners did not distinctly appear, the presumption of law was, that they were entitled in equal moieties, and in that proportion the present trustee should be held.

Burrill & Silliman, for trustee, argued shortly to the contrary.

STORY, Circuit Justice. In order to adjudge the trustee responsible in this suit, it must be decided, that the funds of one partnership may be applied to the payment of the debts of another partnership, upon the mere proof, that the principal debtor has an interest in each firm. If this be correct, it will follow that a separate creditor of one partner will have greater equitable, as well as legal rights, than the partner himself has. The general rule undoubtedly is, that the interest of each partner in the partnership funds is only what remains after the partnership accounts are taken; and unless upon such an account the partner be a creditor of the fund, he is entitled to nothing. And if the partnership be insolvent, the same effect follows. West v. Skip, 1 Ves. Sr. 240; Doddington v. Hallet, Id. 497; Fox v. Hanbury, Cowp. 445. Now the party sued as a trustee in this suit is a total stranger to both partnerships. There is nothing before the court, from which it can ascertain the situation of the partnership, whether solvent or not, whether Gorham be a creditor on the fund or not, and if a creditor, what is his proportion of interest. If therefore the trustee be held, it must be from some stubborn rule of law, which rides over all these difficulties. I know of no such rule.

I have the authority of Lord Hardwicke and Lord Mansfield, in the cases above cited, for holding that a creditor cannot be in a better situation, than the partner himself, as to his right upon the joint funds; and their opinions are fully corroborated by more recent authorities. But I have been pressed with the common case of a separate execution against the tangible partnership property, in which it is said, that the moiety of the judgment debtor may be sold on the execution. There are certainly decisions, which countenance this opinion, and perhaps it may be considered, that at law the sheriff has a right to seize such property in execution. Heydon v. Heydon, 1 Salk. 392; Bachurst v. Clinkard, 1 Show. 173; Jacky v. Butler, 2 Ld. Raym. 871; Eddie v. Davidson, 2 Doug. 650; Parker v. Pistor, 3 Bos. & P. 288; Chapman v. Koops, Id. 289; Morley v. Strombon, Id. 254. But still it by no means follows, that he can sell and convey an indefeasible title to a purchaser of a moiety of the property. He may sell the interest of the partner therein, but he sells it cum onere; and although

---

the parties may be driven into a court of equity, to ascertain their respective rights, yet if upon the whole it appears, that the judgment debtor had a nominal interest only in the fund, I do not think that the authorities which are cited show, that a greater interest can be conveyed under the execution, and if the partnership be insolvent, that any interest can be conveyed. In Fox v. Hanbury, Cowp. 445, Lord Mansfield says: "No person deriving under a partner can be in a better condition than the partner himself;" and he cites with approbation the opinion of Lord Hardwicke, in Skip v. Harwood [West v. Skip, supra], from his manuscript note. "If a creditor of one partner take out execution against the partnership effects. he can only have the undivided share of his debtor, and must take it in the same manner the debtor himself had it, and subject to the rights of the other partner." The same doctrine is explicitly avowed in the court of exchequer, in Taylor v. Field, 4 Ves. 396, where the court say, "the right of the separate creditor under the execution depends upon the interest each partner has in the joint property. With respect to that, we are of opinion, that the corpus of the partnership effects is joint property, and neither partner separately has any thing in that corpus; but the interest of each is only his share of what remains after the partnership accounts are taken." Vide King v. Sanderson, Wightw. 50; same effect even against the king. Vide, also, Waters v. Taylor, 2 Ves. & B. 299. And in Pierce v. Jackson, 6 Mass. 242, which, since the argument, I have had an opportunity of consulting, these principles seem fully adopted. In that case the court held, that a creditor of a partnership was entitled to payment before a creditor of one partner only, although the latter had made the first attachment. The case then put by counsel, admitting it to apply to the present, does not prove all that it was supposed to do. But it will be recollected, that in such case the other partner has his remedy at law, as well as in equity; that he may bring his action against the sheriff, if he sell more than the debtor's moiety. In the present suit, no such remedy lies. If the trustee be adjudged responsible in this suit, there would seem to be a complete severance of the partnership debt; at all events. he could be held, as a debtor to the partnership, only for the remaining moiety. And it may be doubtful, if the judgment creditor could be obliged to refund, when the money had been adjudged to him by the regular judgment of the court; at all events, in states where no court of equity exists, the case would be attended with many embarrassments. I consider that the present is a process in the nature of a bill in equity, to reach the funds of a debtor, and subject to all the liens and equities between the original parties; and in order to do complete justice, it is necessary that all proper parties should be before the court. If the other partner had been sued as a trustee, and upon his disclosure it had clearly appeared, that the partnership was solvent, and that Gorham was a creditor to the fund, some of the difficulty of the case would have been obviated. Perhaps even then it might deserve consideration, how far the separate funds of one partner should, under this process, be applied in the first instance to discharge debts of a partnership, which was not shown to be solvent, nor the partner a debtor thereto. However I give no opinion on this point. In the present case I am satisfied, that the trustee ought not to be charged.

I feel pleasure in adding, that my present opinion is fully supported by the decision of the supreme court of Massachusetts, in Fisk v. Herrick, 6 Mass. 271.

Let the trustee be discharged, with costs.

By the statute of Rhode Island (1 Laws, 208), a foreign attachment issues only in cases, where the debtor resides out of the state, or conceals himself therein; and by section 3, "if it shall appear by the oath of the person or persons, who have been served with the copy of any writ as aforesaid, that he or they have not any of the personal estate of the defendant in their hands, that then such action shall be dismissed, and the person, who shall appear to defend such suit, shall recover his cost."

THE COURT therefore ordered, that the writ should be dismissed; and awarded judgment "that the plaintiff take nothing by his writ."