## Tappan and Mansfield *versus* Joshua Blaisdell.

H. and B. were partners, and the goods of the firm were attached by virtue of writs issued against each of the partners separately, for his own separate debt. Afterwards, a creditor of the firm caused the same goods to be attached by virtue of a writ against H. & B. for a partnership debt—it was holden that the officer, who made the attachments, was bound to apply the proceeds of the goods to the satisfaction of the partnership debt, in preference to the debts due from the partner separately.

CASE against the defendant, a deputy sheriff, for not levying an execution in favor of the plaintiffs against Hubbard Harris and Jacob Blaisdell, upon certain goods which had been attached upon *mesne process*, as the partnership property of said Harris and Blaisdell.

The cause was tried here upon the general issue, at May term, 1829, when it appeared in evidence, that on the 30th October, 1826, by virtue of a writ in favor of the Grafton bank against Jacob Blaisdell, his interest in the goods belonging to the firm of Harris and Blaisdell was attached ; and on the same day, by virtue of a writ in favor of the Pemigewasset bank, against Harris, his interest in the goods, belonging to the same firm, was attached.

On the 7th November, 1826, the goods attached as aforesaid, were again attached by virtue of a writ in fa-

vor of the plaintiff, against said firm of Harris and Blais-
dell for a partnership debt.

The plaintiffs in said suits obtained judgments and executions, and all the executions were delivered to the defendant within thirty days after judgment.

On the 16th November, 1826, notice was given to the defendant as follows :—

" To A. A. Brewster, Esq. Sheriff, and Joshua Blaisdell, deputy—

GENTLEMEN, You are hereby notified not to sell the property of Hubbard Harris and Jacob Blaisdell, belonging to them jointly as copartners in trade, and attached by you in the action, the Grafton bank against said Blaisdell, and the Pemigewasset bank against said Harris, as those suits are founded upon the individual debts of said Harris and Blaisdell, and not on their joint debts, as partners in trade ; but reserve said property to be sold and appropriated in the suits, Tappan and Mansfield against said Harris and Blaisdell, &c. as those suits are founded on debts due from said Harris and Blaisdell, jointly, as partners in trade.

J. QUINCY, Attorney, &c.

But the defendant, after receiving notice as aforesaid, sold the property and applied the whole proceeds to the satisfaction of the said executions in favor of said banks, and returned the execution of the plaintiffs in no part satisfied.

A verdict was taken for the plaintiffs, subject to the opinion of the court upon the foregoing case.

*Bell,* for the defendant.

Partnership property can be held for partnership debts against a creditor of one of the firm only in cases, where the firm is insolvent. 2 Johns. Rep. 280, *Wilson* v. *Conine* ; 6 Mass. Rep. 242, *Pierce* v. *Jackson* ; ibid, 271, *Fisk* v. *Herrick* ; Douglas, 650, *Eddie* v. *Davidson* ; 2 Dallas, 277, *M'Carty* v. *Emlen* ; 11 Vesey, 84 ; 4 ditto, 396, *Taylor* v. *Fields* ; 11 Mass. Rep. 242, *Phillips* v. *Bridge* ; ibid, 472 ; Cowper, 445, *Fox* v. *Hamburg.*

In this case it does not appear that the firm is insolvent.

*Sullivan* and *Quincy,* for the plaintiffs.

It is immaterial whether the firm was solvent or not. A creditor who has attached partnership property, upon a writ against one of the firm, can, in no case, hold it against a creditor of the firm, who has subsequently attached the same property. 17 Mass. Rep. 206, *Rice* v. *Austin* ; 16 Johns. 102, *Smith's Case* ; 15 Vesey, 557, *Young* v. *Keighly* ; 4 Johns. C. Rep. 522, *Nicol* v. *Mumford* ; 5 ditto, 417, *Rodriguez* v. *Heffernan* ; 17, Vesey, 193 *Dutton* v. *Morrison* ; 5 Cowen, 489, *Gram* v. *Cadwell* ; 16 Johns. 34, *Dob* v. *Halsey* ; 2 P. Williams 499, *Cook's case* ; 3 ditto, 180, *Croft* v. *Pike.*

If it were true, that a creditor of one partner could hold the partnership property against a creditor of a solvent firm, it would be necessary for the defendant, in this case to show that the firm was solvent.

The opinion of the court was delivered by

RICHARDSON, C. J. It seems to have been understood as settled law for a long time, that the share which a partner has in the partnership property, may be taken and sold by virtue of an execution issued for his separate debt.

According to the old cases in the courts of law the separate creditor took the goods of the partners, and sold the share of his debtor, without enquiring what were the rights of the other partners or what was the real share of each. 1 Shower, 169, *Blackhurst* v. *Clinkard* ; 1 Salkeld, 392 ; Comyn's Rep. 277.

But the true nature of a partnership seems to have been better understood in more modern times, and it is now settled that each partner has a lien on the partnership property, in respect to the balance due to him, and the liabilities he may have incurred on account of the partnership. 4 Johns. C. Rep. 525 ; Cowper, 445, *Fox* v. *Hanbury* ; 4 Vesey, 396, *Taylor* v. *Fields* ; 17 Vesey, 193, *Dutton* v. *Morrison* ; 16 Johns. 102, *Smith's Case.*

Tappan et. a.
v.
Blaisdell.

It is also well settled, that partnership property cannot be holden to pay the separate debt of an individual partner, until all the partnership debts are paid. From the very nature of a partnership, it is clear, that the whole property is pledged to the payment of the partnership debts, in preference to any other purpose. 4 Vesey, 396, *Taylor* v. *Fields* ; 17 Mass. Rep. 206—207 ; 6 Pick. 350.

The necessary consequence of all this is, that goods belonging to a firm cannot be holden by attachment upon a writ, or by a seizure upon execution, against an individual partner for his separate debt, so long as any debt remains due from the company. All that can be taken is the interest of the debtor in the firm ; not the partnership effects themselves, but the right of the partner to a share of the surplus that may remain after all the debts are paid. 16 Johns. 106 ; 3 B. & P. 288, *Parker* v. *Pistor* ; ibid. 289, *Chapman* v. *Koops* ; 2 Johns. Ch. Rep. 548, *Moody* v. *Payne* ; 4 Vesey, 396 ; 2 V. & B. 301 ; 6 Mass. Rep. 271, *Fisk* v. *Herrick*,

It is therefore, clear, that the plaintiffs, in this case, were entitled to have the partnership property of Harris and Blaisdell applied to the payment of their execution against the firm, in preference to the executions, which had issued against the individual partners, and there must be

*Judgment on the verdict.*