D anise, Judge.
 

 'After stating the case proceeded :— On an attachment issued for a debt due from a separate .partner, who has absconded, or resides out of the State, the Sheriff can take only the separate property of the absconding or absent debtor ; he cannot seize the partnership effects; for the other partner has a right to retain and dispose of them for the payment of the partner-nei'ship debts,
 
 (Matter of Smith,
 
 16
 
 John. Rep.
 
 109.) In the case of
 
 Lyndon
 
 v
 
 Gorham
 
 &
 
 Green,
 
 (1 Gallison, 367,) it was determined, that a debtor to a partnership, cannot be held, or made liable as garnishee, for the several or joint debt of one of the partners. The corporeal property of a partnership, cannot be taken in execution to satisfy the several debts of one partner, unless such partner would have an interest in the property after settlement of all accounts, and then to
 
 the
 
 extent of that in-' tcrest only. The sheriff, therefore, does not seize the partnership effects themselves ; for the other partner has a right to retain them for the payment of the partnership debts. (16
 
 John
 
 106,
 
 Moody
 
 v
 
 Payne, 2 John. Ch. Rep.
 
 548.
 
 Fox
 
 v
 
 Hanbury, Cowp.
 
 445.) The sheriff can sell only the actual interest which such partner has in the partnership property, after the accounts are set-
 
 *369
 
 tied, or subject to the partnership debts, which are first to be paid. In
 
 Fisk
 
 v
 
 Herrick,
 
 (6
 
 Mass. Rep.
 
 971,) the court said, “we have several times decided that a debt due to a partnership, is not necessarily goods, effects, or credits of
 
 either
 
 of the partners;” a creditor of an individual partner cannot attach such a debt,unless it shall appear on examination, that a balance is due from the firm, to such partner. In
 
 Massachusetts,
 
 they have no court of chancery, distinct from the courts of law; therefore, the accounts there, are taken in the courts of law', to prevent a failure of justice.
 

 their deb™1 and merchandise, but
 
 ^cencM
 
 only holds to enable the sur-the01debtsgandm settle the affairs of the firm. Partners are
 

 Partners arc at law', joint tenants of their debts and merchandize, (Gow. 66.) But, the
 
 jus accrescendi,
 
 or r*gbt of survivorship, does not hold, except sub
 
 modo,
 
 and for a special purpose, to enable the surviving part-,ier *° S0^ *n the debts and settle the affairs of the firm, For, (subject to the liability of the surviving partner to l,ay the debts due from the firm, and his right to collect the debts due to the firm,) the executor of the dead part-nCP js a tenant in common with the surviving partner, of all the property in possession belonging to the firm ; and the instant any joint
 
 chose in action
 
 is reduced into possession by the legal process of the survivor, the right of the executor to his distributive share attaches
 
 subject
 
 to the debts as aforesaid, (Gow. 384. 3
 
 Lev.
 
 290. 1
 
 Ld. Bay.
 
 340.) If the separate creditors of the surviving partner could seize and sell under execution, or could attach the supposed share of the survivor in the firm, for their satisfaction ; so as to enable the vendee to take immediate possession of the property, unencumbered with the debts of the firm; the whole of the property and effects of the firm, might be swept aw'ay and exhausted by the private debts of the survivor; and then the creditors of the firm, would resort to the private estate of the dead partner, for satisfaction of their debts; — this would be most unreasonable. The private estate of the dead partner is liable to the creditors of the firm, only, in case the effects of the firm, in the possession of the surviving partner, are exhausted. The rule of law, therefore, which subjects the whole of the partnership effects, first,
 
 *370
 
 to the payment of the creditors of the firm, is founded, not so much upon the rights of the creditors of the firm, as for the purpose of protecting the private estate of the dead partner.
 

 In this case, the debt due from the garnishee to
 
 “By
 
 ers,
 
 Brimmer
 
 &
 
 Burdett,”
 
 must first go to pay the creditors of that firm. We see, that on a settlement of the accounts of that firm, there cannot be any part of the money now in the garnishee’s hands, which will belong to
 
 “ILjer
 
 & BurdettThe case states that the firm of
 
 “ Hijers, Brimmer
 
 & Burdett,” was immensely indebted, and did a losing business, and that both of the defendants are indebted to it. We think that the cases on this subject are decisive of the question against the plaintiff. What is here said, is not to be considered as impairing the doctrine of set-off, as laid down in the cases o.f
 
 French
 
 v
 
 Andrade,
 
 (6
 
 Term,
 
 582) and
 
 Slipper
 
 v
 
 Stidstone,
 
 (5
 
 Ibid.
 
 493.) We think this process of attachment was not intended to be applied to a case in which the Court is unable in its judgment, to do justice to all the persons interested, and much less to one in which a decision for the plaintiff is seen to do positive injustice to tiiird persons, not before the court. The judgment of the Superior Court must be affirmed.
 

 Per Curiam — Judgment afeirmed.