## LEVI HAWES *et al. versus* The Inhabitants of WALTHAM.

If a person summoned as trustee discloses, that he is indebted to the defendant and a third person jointly, without any thing further appearing, he is not chargeable ; and if charged upon such answer, the joint creditors may question the judgment collaterally, and may recover the full amount of their claims against him without any deduction on account of such judgment.

BY an agreed statement of facts, it appeared, that the plaintiffs, Hawes and Wood, had contracted with the defendants to erect a barn on the town farm and to do some other work, for which the plaintiffs were to be paid the sum of $ 800 ; that the

Hawes
v.
Wardwell.

work having been performed, the defendants paid to the plaintiffs on account thereof, the sum of $ 600 ; that after this action was commenced, the defendants paid into court the sum of $ 76·06 on the common rule, but refused to pay the balance of the sum of $ 800, relying, for their defence, upon the proceedings in two actions brought against the plaintiff Wood, alone, by two of his separate creditors, in which the defendants were summoned as his trustees.   In those two actions, the defendants, having disclosed in their answers, that they were indebted to Hawes and Wood, jointly, were thereupon charged in the Court of Common Pleas, as trustees of ·Wood alone.   The plaintiff, Hawes, was also summoned as a trustee, in one of such actions, but was discharged upon his general answer.

If the Court should be of opinion, that the proceedings in those actions were admissible in evidence in the present action, and, if admissible, that they were a bar, so far as they went, to the claim of the plaintiffs, and that the sum paid into court was sufficient to cover any balance due to the plaintiffs, then they were to become nonsuit ; otherwise, the defendants were to be defaulted and judgment rendered for such sum as the Court should assess, with interest.

Mar. 17th,
1837

*Prescott* and *E. Hersey Derby*, for the plaintiffs.   The proceedings in the two actions against Wood were inadmissible in evidence, in the present action, being *res inter alios actæ.* Hawes was not a party in those actions.   He had no right to be heard, no right to appeal, and no right of review.   He cannot be bound by a judgment between other parties.  *Walker* v. *Leighton*, 11 Mass. R. 140 ; *Taber* v. *Perrot*, 2 Gallison, 568 ; 1 Stark. on Evid. 267 ; *Rushworth* v. *Pembroke*, Hardres, 472 ; 12 Vin. Abr. 109, *pl.* 24.

But if such proceedings are admissible in evidence, then it is plain from them, that the defendants in the present action were erroneously charged.   A debtor to a partnership cannot be charged as trustee of one partner.   *Peirce* v. *Jackson*, 6 Mass. R. 242 ; *Goodwin* v. *Richardson*, 11 Mass. R. 470 ; *Fox* v. *Hanbury*, Cowper, 449 ; *Lyndon* v. *Gorham*, 1 Gallison, 367 ; *Church* v. *Knox*, 1 Connect. R. 514 ; *Fisk* v. *Herrick*, 6 Mass. R. 271 ; *Hawes* v. *Langton*, 8 Pick. 70.

Hawes was wronged by the decision of the Court of Com-

mon Pleas, and is entitled to redress in the present action. *Groves* v. *Brown*, 11 Mass. R. 337 ; *Wood* v. *Partridge*, 11 Mass. R. 488 ; *Andrews* v. *Henning*, 5 Mass. R. 210.   If he cannot recover in this form of action, he cannot recover at all, and has lost a just debt without remedy.

There will be no hardship on the defendants, as they have or had a remedy.   *Richards* v. *Allen*, 8 Pick. 405 ; *Brigham* v. *Elliot*, 12 Pick. 172.

*Farley* and *Emerson*, for the defendants.   If the plaintiffs prevail, the defendants will be without a remedy.   They disclosed the facts in their answers, truly ; and the presumption should be, that the judgment against them was rightly rendered. If they had paid the amount for which they were charged as trustees, to Wood himself, such payment would have been a bar to the claim of the plaintiffs.   The only question is, whether a payment to the creditor of Wood has a different effect. Hawes was also summoned as a trustee, and might have disclosed the partnership accounts ; and his answer would have aided the answers of the defendants.   *Fisk* v. *Herrick*, 6 Mass. 271.   No case goes so far as to decide, that if one partner in fact owns the partnership property, it may not be held by the trustee process for his several debts.   If there had been an adjustment of accounts between Hawes and Wood, and the sum due from the defendants belonged to Wood, it could have been reached by the trustee process.   Hawes having neglected to set forth the state of the partnership accounts, and being obliged to use the name of Wood in this action, and the judgments being in force against Wood and the defendants as his trustees, this action cannot be sustained.

SHAW C. J. delivered the opinion of the Court.   The two plaintiffs, Hawes and Wood, performed certain work and labor for the defendants, by means of which the town became indebted to the two jointly.   Before payment, suits were brought by two creditors of Wood alone, in each of which the town was summoned as trustee, since the statute, providing that corporations may be summoned as trustees.   In each of those suits the town was charged, and a portion of the debt due to the plaintiffs jointly, was thus adjudged liable to be appropriated by process of law, to the payment of the several

Hawes
*v.*
Waltham

*Jan.* 21st,
1837.

debt of one of them. This, we think, was erroneous. It seems now settled by authorities, that a joint debt cannot thus be severed and appropriated, in whole or in part, to discharge the several debt of one. *Fisk* v. *Herrick*, 6 Mass. R. 271 ; *Lyndon* v. *Gorham*, 1 Gallison, 367.

I am aware that it was suggested in some of the earlier cases, that it would be competent in such case to hold by attachment, any balance which would appear to be due to the defendant, upon an adjustment of the partnership accounts, and a balance struck ; and that for the purpose of obtaining evidence of the state of the accounts, it would be proper to make one of the other partners a trustee, upon whose disclosure the facts might appear. There is no decided case, in which such a course has been adopted under a judicial sanction ; and it is certainly doubtful, whether such a course could be adopted, consistently with the principles of the trustee process. Without insisting on the practical difficulties, of obtaining such a settlement of a general partnership account, in case of every attachment, and the difficulty of requiring a trustee, who truly answers that he has no effects, to set forth and disclose facts relating merely to the liability of others, a strong objection is, that it assumes the right to use the answer of one trustee, to charge another, and in matters in which they may have adverse interests ; whereas, the fundamental principle of the old trustee process was, that the trustee must be charged, if at all, upon the facts disclosed in his own answer. *Hawes* v. *Langton*, 8 Pick. 67.

But it is not necessary to settle this question in the present case, because here, it appears, by the answers of the town that they were indebted to the two jointly, without any thing further appearing. In such a case, the Court are of opinion that they could not be charged, in a suit against one only.

Then the point is, whether this question can be considered and decided in this suit, and we think it can. We are of opinion, that as the plaintiffs were strangers to that suit, the judgment, as against them, is merely void, and therefore they must be allowed to question it collaterally ; otherwise they could not avoid it in any form. But if the defendants are now without remedy in this case, it must be, because by their own mistake

of then rights, or by laches they have failed to avoid it by an appeal.

If, however, they have not already paid over the money, they may probably have an opportunity on the *scire facias* to make a defence by force of the Revised Statutes, *c.* 109, § 41

*Defendants defaulted and judgment for the plaintiffs.*