The action was brought in May, 1848, and is covenant on an agreement under seal, dated 7 June, 1845, whereby the defendant obliged himself to deliver in Beaufort County 50,000 red-oak hogshead staves on or before 1 December, 1845, to the plaintiffs, Cook Taylor, who were partners and merchants in New York. The defendant pleaded covenants performed, and a foreign attachment in the Superior Court of Beaufort, commenced on 14 April, 1846, by Vannostrick Cogdell, against the estate of John Moore Taylor, one of the present plaintiffs, on the bill of exchange for $1,100, in which the defendant was summoned as a garnishee, and upon his garnishment, in April, 1846, confessed (amongst other things) that in June, 1845, he gave to said Taylor his obligation to deliver to him 50,000 red-oak hogshead staves, and stated that he had delivered 26,713 of them, and that the remaining 23,227 had not been delivered, (408) but remained due to the said Taylor; and that, before the present suit was brought, judgment was rendered in the attachment against Taylor, and the value of the 23,227 staves was condemned in the hands of the defendant, and by him paid in part satisfaction of the recovery against Taylor.
On the trial the defendant gave evidence that, in a few days after the execution of the covenant, Taylor, in the name of Cook Taylor, made an indorsement thereon in writing in these words, "Deliver the within to Messrs. Freeman Houston"; but the witness stated further, that Freeman 
Houston had no interest in the transaction, and that the order was given to them to enable them to receive the staves for Cook Taylor, and that, under it, they did receive nearly 27,000 between December, 1845, and May, 1846, for them. The defendant also *Page 292 
gave in evidence the record of the attachment pleaded by him; and the garnishment and judgments therein appeared to be as pleaded. And thereupon the defendant moved the court to instruct the jury that the plaintiffs could not recover: first, because they had extinguished their right by the transfer to Freeman Houston; and, secondly, because the proceedings in the attachment were a bar to this action. The court refused to give either instruction, and told the jury the plaintiffs were entitled to damages to the value of the staves not delivered. The plaintiffs had a verdict and judgment, and the defendant appealed.
The judgment must be affirmed. The covenant was not negotiable, and the assignment could have no (409) effect on the legal right to sue on it, if it had been so intended. But there was no such intention. The purpose was merely to make Freeman Houston the agents of Cook Taylor, so that they might accept the staves on behalf of the owners. Nor does the attachment help the defendant. The garnishment stated an indebtedness to Taylor, the sole defendant in the attachment, on an obligation to deliver staves to Taylor — being a different instrument from that to Cook 
Taylor now sued on. The difference is not formal merely, but essential to the rights of the parties, as the liability of the garnishee depended on it; since the effects of a firm are not subject to attachment for the separate debt of one of the parties.Jarvis v. Hyer, 15 N.C. 367.
PER CURIAM. Judgment affirmed.