Decided July 1st 1864.

---

WASHINGTON L. BERRY, GARNISHEE OF JOHN C. DORSEY *vs.* THOMAS G. HARRIS, ADM'R OF ANN HARRIS, USE OF ROBERT FOWLER.

ATTACHMENT: PARTNERTHIP, PARTNERS.—A separate creditor of an individual surviving partner may attach, by way of execution, a debt due the partnership of which that individual partner was a member, for the separate debt of such surviving partner without showing the state of accounts between him and his deceased partner or partners.

APPEAL from the Circuit Court for Washington County:

*Attachment on Judgment.*   The appellee, a judgment creditor of John C. Dorsey, issued an attachment by way of execution, on the 9th of February 1859, which on the

same day was laid in the hands of the appellant as garnishee, who appeared and pleaded *nulla bona*, upon which issue was joined.

Interrogatories being propounded to the garnishee, he answered substantially, that he owed nothing to John C. Dorsey individually; that on the contrary he was a judgment creditor of John C. Dorsey to the amount of $275.35 with interest, but that he was indebted to the firm of Frederick Dorsey & Son, (of which John C. Dorsey was the surviving partner,) in the sum of $220.35, and to the firm of John C. Dorsey & Son in the sum of $207.50; that the garnishee had been informed and notified that John C. Dorsey before this attachment was issued, assigned and transferred all his right and interest to the moneys due to Frederick Dorsey & Son to David Clagett & Frederick Dorsey in the lifetime of said Frederick Dorsey & David Clagett.   The appellee having given in evidence the judgment, attachment and sheriff's return thereon, and also the interrogatories and answers of the garnishee, it was admitted that a partnership had existed between Frederick Dorsey, Sen'r, and John C. Dorsey, physicians, the former of whom died leaving the latter surviving; and also that a partnership existed between John C. Dorsey & Frederick Dorsey, Jr., under the style of John C. Dorsey & Son; whereupon the appellants prayed the Court to instruct the jury as follows:

1st.  That if they believe from the evidence in this cause, that the debt attached in the hands of the garnishee, was a debt due in part to the firm of Frederick Dorsey & Son, and the balance to the firm of John C. Dorsey & Son, of which firms the said John C. Dorsey was a member, and that Frederick Dorsey was dead before the issuing and laying of the attachment, and that said John C. Dorsey is the surviving partner of said firm of Frederick Dorsey & Son, and that there has been no final settlement of the said partnership affairs, and that the

interest of the said John C. Dorsey therein has not been ascertained, then the plaintiff is not entitled to recover against the garnishee.

2nd. If the jury find the facts stated in the preceding prayer, then the plaintiff can recover only the amount of the actual interest of the said John C. Dorsey in the partnership assets, after final settlement thereof.

3rd. That there is no sufficient evidence in the cause from which the jury can find the *quantum* of interest of the said John C. Dorsey in the assets of the said partnerships.

These instructions the Court below (PERRY, J.) refused to give, to which ruling the defendant excepted, and from the judgment of condemnation rendered upon the verdict of the jury in favor of the plaintiff, appealed to this Court.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH and COCHRAN, J.

*Z. S. Claggett,* for the appellant.

The Circuit Court erred in refusing to grant the defendant's prayers, and the judgment ought to be reversed.

It is contended, that nothing can be subject to the judgment of condemnation, but the interest of John C. Dorsey in the partnership effects of the two firms. His interest is not one moiety of the joint effects, but is his share of the surplus after the partnership accounts are taken; and unless upon such accounting he be a creditor of the partnerships, the appellee is entitled to nothing. And if the two firms be insolvent, he also takes nothing by his attachment. He must take the interest of John C. Dorsey, subject to the paramount claims of the creditors of the respective firms. See *Nichol vs. Mumford,* 4 *John. Chan. Rep.,* 525. *Dutton vs. Morrison,* 17 *Ves.,* 193 and 206. *Taylor vs. Fields,* 4 *Ves.,* 396. In the matter of *Wait,* 1

*Jac. and Walk.*, 588. *Story on Partnership*, secs. 261 and 262, 375 and 376. *Collyer on Partnership*, secs. 166 and 828. *Pierce vs. Jackson*, 6 *Mass.*, 242. 16 *John.*, 106. *Tappan vs. Blaisdell*, 5 *N. Hamp.*, 193. *Crockett vs. Crain*, 33 *N. H.*, 542. *Commercial Bank vs. Wilkins*, 9 *Greenleaf*, 28. *Collyer on Part.*, notes to sec. 822. *Rice vs. Austin*, 17 *Mass.*, 206 and 207. *Brewster vs. Hammet*, 4 *Conn.*, 543. *Lyndon vs. Gorham*, 1 *Gallison*, 367 and 370. *Drake on Attachment*, 2d Ed., secs. 567, 568, 569 and 570.

The partners have a lien on the partnership effects, to pay the partnership debts; and the creditors of the partnership a derivative lien, which is made operative for their benefit through the instrumentality of the partners. *Glenn vs. Gill*, 2 *Md. Rep.*, 1 and 16. *Thompson vs. Frist et al.* 15 *Md. Rep.*, 24 and 26. *Story's Partnership*, sec. 261.

If the property attached be subject to a lien,—that lien must be respected, and the attachment postponed to it. Can this attachment prevail against the subsequent attachment of a creditor of the partnership? To give precedence to the separate debt of the partner over the joint creditors of the firm, would be to take the property of one party to pay the debt of another. But the creditor of one partner although he issues the first attachment, is not entitled to payment before a creditor of the partnership. *Lyndon vs. Gorham*, 1 *Gallison*, 370. *Pierce vs. Jackson*, 6 *Mass.*, 242. *Tappan vs. Blaisdell*, 5 *N. H.*, 190. *Locke on For. Atta.*, 39–27, 17 *Law Lib.*

The interest of the appellee in the debts attached in the hands of the garnishee will not be presumed. He must show affirmatively what interest John C. Dorsey has in the partnerships. The appellee stands in the shoes of John C. Dorsey, and all that he can take by his execution is the interest of the debtor in the firm.

It does not appear whether the co-partnerships are solvent or insolvent, or whether John C. Dorsey is indebted to the partnerships. It does not appear what

v. 22.

is the distinct interest of each partner in the two firms. There is no evidence whatever as to the condition of the partnerships. *Fisk vs. Herrick*, 6 *Mass.*, 271. *Johnson vs. King*, 6 *Humphreys*, 233. *Mobley vs. Lonbat*, 7 *How. Miss. Reps.*, 320. 26 *Am. Jurist*, 66 and 67. *Lyndon vs. Gorham*, 1 *Gallison*, 370. *Winston vs. Ewing*, 1 *Ala.*, 132.

While the interest of John C. Dorsey is uncertain, how can a judgment be rendered for a sum certain?

Finally;—a debt due to a co-partnership from a garnishee cannot be attached for the separate debt of the partner.

The debt attached is not due to John C. Dorsey, but to the firms of Frederick Dorsey & Son, and John C. Dorsey & Son, and is distinguishable from the seizure on execution, or attachment of tangible effects of the partnership to satisfy the separate debt of the partner. 1 *Story on Partnership*, sec. 261. *Johnson vs. King*, 6 *Humphreys*, 233. *Fisk vs. Herrick*, 6 *Mass.*, 271. *Upham vs. Naylor*, 9 *Mass.*, 490. *Mobley vs. Lonbat*, 7 *How. Miss.*, 318. *Kingsley vs. Missouri Fire Ins. Co.*, 14 *Missouri*, 467. *Church vs. Knox*, 2 *Conn.*, 514. *Atkins vs. Prescott*, 10 *New Hamp.*, 120. *Smith vs. McMicken*, 3 *Louis'a Annual*, 319. *Lyndon vs. Gorham*, 1 *Gall. Rep.*, 367.

The reason why a debt due a partnership is exempt from garnishment, for the separate debt of the partner, while tangible property is liable, is given by the Supreme Court of Alabama. *Winston vs. Ewing*, 1 *Alabama Reps.*, 132: "In the latter case the property is not removed and cannot be appropriated till all liens upon it, growing out of or relating to the partnership, are discharged,—while in the former case, the judgment against the garnishee, if acquiesced in, changes the right of property and divests the co-partner's title to the property attached." And *Drake on Attachment*, sec. 570, in referring to those States where a contrary doctrine prevails, says: "we look

in vain for any substantial foundation of reason or expediency upon which it can rest, or for any views calculated to shake our confidence in the conclusion that partnership credits can in no case be taken by garnishment to pay the individual debt of one member of a firm.''

*Wm. Motter* and *Oliver Miller,* for the appellees.

1st. The first prayer asserts or was intended to raise the point, that a separate creditor of one partner cannot attach a debt due the partnership, unless there has been a final settlement of the partnership affairs, and the interest of the separate debtor partner therein ascertained. Whatever may be the decisions in other States, such is not the law of Maryland. *Wallace vs. Patterson,* 2 *H. & McH.,* 462. *McCarty vs. Emlen,* 2 *Dallas,* 277. *Same case,* 2 *Yates,* 190. *Schatzill vs. Bolton,* 2 *McCord,* 478. *Chatzell vs. Bolton,* 3 *McCord,* 33. *Collyer on Part.,* 472 to 478. Ed. of 1834. *Drake on Attach.,* secs. 567 *to* 570

2nd. This prayer denies the right of the plaintiff to recover the credits attached as due the firm of Fred. Dorsey & Son, though the proof is that Frederick Dorsey, Sen., died before the attachment issued, leaving John C. Dorsey his sole surviving partner. Now in such a case the sole surviving partner is in law the owner of all the partnership effects, and in that event a debt due the late partnership may be recovered in an action by a separate creditor against the surviving partner. *Drake on Attach.,* sec. 571.

3rd. The second prayer asserts that the plaintiff can recover only the amount of the actual interest of John C. Dorsey in the partnership assets, after final settlement thereof. This is wrong upon the authorities under the first point, and especially the case of *Wallace vs. Patterson,* 2 *H. & McH.,* 463, which decides that a separate creditor of one of the partners may attach a debt due the firm and have judgment to condemnation without show-

ing the state of the account as between the other partners and the partner whose interest was attached.

4th. The third prayer asserts, that there is no sufficient evidence from which the jury can find the *quantum* of interest of John C. Dorsey in the assets of said partnerships,—that is, in either of the partnerships. Now as to the first partnership, dissolved by the death of Frederick Dorsey, Sen., John C Dorsey, as sole surviving partner, was in law entitled to the whole of the partnership assets, and the prayer is wrong therefore in this respect. But if it be not necessary to the judgment of condemnation to show the state of accounts as between the partners, the jury were bound to assume that each was equally interested in the debts due the firm, that is, that each was entitled to a moiety.

5th. But again, this is an attachment on judgment, which, by our Acts of Assembly, is allowed to be taken out "instead of any other execution" against "the lands, tenements, goods, chattels and credits" of the defendant in the judgment "in the plaintiff's own hands, or in the hands of any other person or persons whomsoever." The attachment is thus placed on the same footing as an execution. It may be levied on goods, chattels or credits. Now it is clear that a partner's share in the partnership property may be seized and sold by the Sheriff, under an execution against one partner, for his separate debt, and a Court of Equity will not stop such execution or sale by injunction, to await liquidation of the accounts of the partnership. The interest which the purchaser at such sale takes, and the rights of partnership creditors and of the partners themselves, is to be settled by subsequent proceedings in a Court of Equity. The purchaser holds in the same manner, and subject to the same rights and equities, which the debtor himself had and was subject to. An attachment on a judgment being by our laws placed on the same footing as any other execution, the same result

follows the process of garnishment thereby authorized. A judgment of condemnation follows, but the judgment creditor, like the purchaser, holds the credits condemned in the same right, and subject to the same equities in favor of partnership creditors and the other partners under which the judgment debtor held them, whilst the garnishee is expressly protected to the extent of the payment under the judgment of condemnation. This view is in answer to the appellant's whole case. Act of 1715, ch. 40, sec. 7. Act of 1834, ch. 191. *Collyer*, 472, 474, *et seq.* 16 *Johns.*, 106, *Smith Ex-parte.*

BOWIE, C. J., delivering the opinion of the Court, after stating the case as on pp. 30—32 *ante*, said:

The appellant's prayers affirm:

1st. That a separate creditor of an individual partner, cannot attach by way of execution, a debt due to the partnership, of which that individual is a member, for his private debt, unless there has been a settlement of the partnership and the interests of the debtor partner first ascertained.

2nd. That this applies to the case of surviving partners as well as of living partners.

3rd. That only the actual interest of the debtor partner, after final settlement thereof, can be recovered by the attaching creditor.

4th. That there was no sufficient evidence in the cause of the *quantum* of interest of John C. Dorsey in the partnership assets.

The rights of joint and separate creditors, during the existence of the partnership, differ materially from their rights, after the termination of the firm, and the estate has gone into Equity for distribution. In the matter of *Smith*, 16 *Johnson Rep.*, 102, 109. *McCullough vs. Dashiell*, 1 *H. & G.*, 96. 1 *Am. Le. Ca.*, 472. The notes on these cases, show the tendency to confusion in deciding

upon the relative rights of the two classes of creditors. It is well remarked: · "Some judges and text writers by not distinguishing between solvency and insolvency, and between legal and equitable jurisdiction, have moulded a system on the subject, which through the departure from principles, is law sacrificed and equity not attained." Justice Cowen, in the case of *Phillips vs. Cook*, 24 *Wend.*, 393, 408, has elaborately examined and lucidly defined the limits of the jurisdiction of the Courts of Law and Equity on this subject. Keeping these distinctions steadily in view, we will examine the question before us, by the light of authority and reason. In the text of *Collyer on Partnership, Book* 3, *sec.* 822, it is said: "by the law of England, the creditor of any one partner may take in execution, that partner's interest, in all the tangible property of the partnership." The Editor, Mr. Perkins, refers in note 2, to this section, to a number of authorities, English and American, to support this position, extending the doctrine to attachments, in those States where attachments on *mesne* process are allowed, by numerous citations of decisions in several States, upon which he builds this conclusion: "There seems to be no good reason for giving up the process of attachment at law in such cases, as it would probably in this mode be rendered equally as effectual and prompt as any other means of securing the interest of the debtor that might be devised. If a process in Chancery should be deemed more effectual, still it might be desirable also to retain a right of attachment at law." *Vide* authorities there cited. The subject of execution and attachment there spoken of, is tangible property, and the remedy is supposed to be resorted to during the existence of the partnership. The learned editors of the *American Leading Cases*, in their notes on the cases of *Ex-parte Smith*, and *McCullough vs. Dashiell*, remark: "It is necessary, however, to reconcile the various cases, to distinguish between a Common Law execution against tangible chattels,

Berry, Garn. of Dorsey *vs.* Harris, Adm'r of Harris, use of Fowler.

such as a *fieri facias* and a foreign attachment, or proceed-
ing in its nature, against a debt due to a firm, or property
belonging to it in the possession of the garnishee.   The
foreign attachment or proceeding in the nature of a foreign
attachment against a debt or chose in action, and also
against chattels in the possession of a garnishee, by its
very nature, attaches only upon the separate beneficial
interest of the partner in the debt or other subject in the
hands of the garnishee; because, it is a part of the pro-
ceedings to measure and adjudge what is the interest of
the partner in the hands of the garnishee.   It cannot,
therefore, be maintained, unless it be proved that the
partnership is solvent, and be shown what interest the
partner has in the firm effects after all debts are paid;"
referring to *Fisk et al. vs. Herrick*, 6 *Mass.*, 271.   *Lyn-
don vs. Gorham*, 1 *Gall.*, 367.   *Church vs. Knox*, 2 *Conn.*,
514.   *Barber vs. Hartford Bank*, 9 *Conn.*, 407.   *Winston
vs. Ewing*, 1 *Ala.*, 129, 6 *Humphreys*, 233.   The distinc-
tion drawn in these cases is, the difference between the
Common Law process, and the foreign attachment, the
essential faculty of the latter, being to measure the interest
of the partner in the chose in action or chattel attached.
Proceeding on the hypothesis that there was a continuing
partnership, and several interests in the several partners,
they determine that in such cases, the beneficial interest
of the debtor must be ascertained, before it is subject to
attachment, and in some it is affirmed, that this being
impracticable at law, no attachment will lie.

These reasons do not apply to a case in which the
partnership is terminated by the death of one of the
partners.   "The surviving partner is entitled to all the
choses in action and other evidences of debt belonging to
the firm.   They must be collected in his name, and he is
entitled to their exclusive custody and control.   The
right of action, in relation to all partnership demands is
transferred to the surviving partner."   *Barney vs. Smith,*

4 *H. & J.*, 485. *Collyer on Part.*, sec. 666. Although he should expressly declare as surviving partner, he may include in his declaration, a count for a debt due to him in his own right. *Collyer on Part.*, 674. *Gow. on Part.*, 132. 5 *T. Rep.*, 493.

Where the action is brought by a surviving partner, the defendant may set off a debt due from the plaintiff as surviving partner, against a debt due from himself to the plaintiff in his own right, and *e converso. Collyer on Part.*, 764. 13 *Metcalfe*, 283. These authorities show that at law, the legal interest in choses in action of a firm, is so absolutely transferred by survivorship, that they may be merged in one action with choses in action due to the surviving partner, *"suo jure,"* or extinguished in whole or in part, by set off of claims against him individually.

If this was a case of continuing partnership, we should have much difficulty, in distinguishing it on principle, from the case of *Fisk and another vs. Herrick*, 6 *Mass.*, 271. *Lyndon vs. Gorham*, 1 *Gall.*, 367, and the cases in *Ala.* and *Tenn.;* but the case of a surviving partner, invested with the entire legal property and control over the chattel, so broadly marks the line between them, that we are not at liberty to disregard the legal claims of the attaching creditor. The case of *Wallace vs. Patterson*, 2 *H. & McH.*, 463, was the case of a domestic creditor, against one of several non-resident partners, whose firm as well as the debtor partner had become bankrupt. The distinction between attachments against tangible chattels and choses in action belonging to the firm, and attachments issued during the existence of the firm and after its dissolution, was not adverted to, and no opinion was given; we do not regard it therefore as decisive of the point to which it was cited. The law having thrown the legal estate upon the surviving partner, we cannot deprive the creditor of the advantage thus attained, upon the presumption of equitable liens on the fund, in behalf of

other partnership creditors, which may or may not exist. If there are any such, Courts of Equity are open to them and capable of giving adequate relief, and the representatives of deceased partners may be protected in the same Courts. For these reasons, we think the Court below was right in refusing the prayers of the appellant, and the judgment will be affirmed.

*Judgment affirmed.*

(Decided July 1st 1864.)

