CORAM—TILGHMAN, CHIEF JUSTICE, YEATES, SMITH AND BRACKENRIDGE, JUSTICES.

# David Knox and William Deas *against* Peter Summers.

The creditor of one partner is intitled to levy on the joint stock, but subject to the joint debts of the partnership.

Where goods levied have not been removed by the sheriff, the creditor loses his lien, if suffering them to remain in the possession of the debtor, has given him a false credit.

CASE stated for the opinion of the court.

A *fieri facias* issued in this action, returnable to September term 1805, which on the 10th June 1805, was levied on personal property as per inventory. The debt was 430l., with interest from 28th January 1805. The amount of the plaintiff's debt has been paid into court, by the assignees of Stacey Horner and Peter Summers, subject to the opinion of the court, whether on the following statement of facts, the plaintiffs by virtue of their execution, or the said assignees by virtue of their assignment and a subsequent execution, are entitled to the money thus paid.

It is agreed, that at the time the above execution issued, and when it was levied, the said Horner and Summers were partners in trade; that the judgment was obtained, and the execution issued for the separate debt of Summers, but was levied on the joint effects of Horner and Summers, to the amount in value at least of $5000, as per inventory; that no person was left in custody of the goods, nor any further proceedings had on the execution *until the 31st July following; during which interval the said Horner and Summers continued to transact business on an extensive scale, by buying and selling as wholesale and retail grocers, and contracted debts to several of the creditors, for whose benefit the assignment hereafter mentioned was made, to the amount of $4000 at least, for goods purchased and delivered after the plaintiff's execution was levied.

It is further agreed, that on the 25th July aforesaid the partnership of Horner and Summers was dissolved by consent, and the goods, wares, and merchandizes of the late firm, were transferred and delivered into the possession of the said Summers, who in consideration thereof confessed a judgment to his partner Horner, who on the same day issued execution thereon for the sum of $9611, and 98 cents, declaring the same to be for the benefit of Horner's and Summers's creditors, to whom the judgment and execution were afterwards assigned; that this execution was delivered to the sheriff the day it issued, and that

on the 30th of the same month, Summers made an assignment to Edward Thompson of all his effects, described as follows ; "all the goods, wares, merchandizes and groceries to me belong- "ing, and which are placed, contained, or lodged in any of the "ships, stores, rooms, houses, or warehouses now or lately occu- "pied by me, or in any ship, store, room, house, or warehouse "whatever, situate," &c. ; that on the same day, possession was delivered, and on the day following, the execution at the suit of Horner, was duly levied on the effects assigned, and possession thereof taken by the sheriff, who afterwards took, from under the hand and seal of the said Edward Thompson, an agreement in writing to deliver up the said goods, or to pay the debt, in- terest and costs due on the execution of Horner against Sum- mers ; that the said Edward Thompson on the 1st August following re-assigned and transferred unto William Warner, Samuel Hazlehurst, and Chandler Price, in trust for the general benefit of all the creditors of Horner and Summers last afore- said mentioned, which were immediately delivered by the said assignees on their agreement to pay the amount of the plaintiff's execution into court, to be appropriated as the court shall direct.

The case was submitted to the decision of the court, by the counsel, without argument.

*Per Cur.* The assignees of Horner and Summers are entitled to the money on two grounds.

1st. The separate creditor is entitled to no more than the interest of Summers, subject to an account between him and the partnership, and of course to the joint debts. 4 Ves. jr. 397, in exchequer.

*2d. Leaving the goods levied on in the possession of the debtor, has here given him and his partner a false [*479 credit ; and has thereby injured strangers, which has never been permitted in any of the cases we have determined.

Cited in 9 Pa. 126 to show that the creditor of any one partner may take in execu- tion that partner's interest in all the tangible property of the partnership. The purchaser becomes a tenant in common with the other partner, and takes the prop- erty subject to the partnership debts and to the rights of the other partner.