MOODY *against* A. and H. PAYNE.

The interest of one partner in the partnership property, may be taken and sold, under an execution at law, in a judgment against such partner, for his separate debt; and equity will not stop such execution or sale, by injunction, until the partnership accounts are taken and liquidated.

*HENRY*, for the defendants, moved to dissolve the in- *September 22d.* junction which had been issued in this cause, on the ground that the answer denied all the equity of the bill.

The bill was for an account of the partnership concern, after a dissolution, and to enforce a sale at law, under a judgment confessed by *H. Payne*, one of the partners, after the dissolution, for his separate debt, due the other defendant, *A. Payne*, and under which judgment partnership property had been seized. The bill stated a number of existing debts against the copartnership, and its insolvency.

The answer denied the insolvency, and some of the partnership debts, and admitted others.

*Van Buren*, (attorney-general,) contra, contended, that partnership effects could not be sold on execution at law, for a separate debt of one partner, after a bill filed for a partnership account; for the creditor, he said, was only entitled to the share of such partner, after the partnership accounts were taken and settled, and that the injunction was *and ought to be continued. He cited 4 *Ves.* 396. 11 *Vesey*, 85. 17 *Vesey*, 209. 1 *Madd. Ch.* 112.

[ * 549 ]

THE CHANCELLOR. It is true, the execution at law only takes the interest of the partner who is sued, subject to the partnership debts; and there are difficulties in selling such an uncertain interest, before it is ascertained, by taking and stating the accounts in this Court, what is the interest to be sold. Lord *Eldon*, in *Waters* v. *Taylor*, (2 *Vesey & Beame*, 301.) felt the weight of that difficulty, but still he seemed to admit, that a Court of law might, in the mean time, go on and sell, and that this was the constant practice. I do not know that this Court has ever undertaken to stop an execution at law, in such a case, until the partnership accounts have been taken, and it would be too much for me to assume it without precedent. The principle would go to stay executions at law, in every case, against the partnership prop-

erty of one partner, who owed separate debts, until the disclosure and liquidation of the concerns of the copartnership. This would produce inconceivable delay and embarrassment, in respect to the separate creditors. If those creditors can sell only subject to the joint creditors, there is no harm in suffering them to go on at law; and if any sacrifice of the interest of the separate partner is made, by reason of the uncertainty, it affects only that partner, who does not here raise the objection. The late exchequer case of *The King* v. *Sanderson*, (1 *Wightwick Ex. Rep.* 50.) admitted, that upon an *extent* against one partner, the crown, like a separate private creditor, took the separate interest of the partner, subject to the partnership debts; and that it was the practice for subjects to issue executions against the interest of one partner, and that the sheriff sold only the interest of such partner, and not the effects themselves. The cases referred to by Mr. *Maddock*, do not warrant his conclusion, that chancery stops such executions by injunction. It is evident *that the Courts of law are in the constant practice of awarding execution in such cases, and that this Court does not, ordinarily, and upon such general grounds, enjoin the sale at law.