Woods and Others *v.* Pratt.

Nov. Term,
1840.

| Woods v. Pratt. | 5b 377 |
| | 145 475 |

A majority of the freeholders of a town, presented to the board of county commissioners a remonstrance against the granting of a license to any person to retail ardent spirits within the town for three years; and on the day the remonstrance was presented, a license was applied for and granted. *Held*, that the license should have been refused.

ERROR to the *Franklin* Circuit Court.

*Tuesday,
November* 24.

Sullivan, J.—This was a proceeding under the 5th sec. of the act entitled " An act to license and regulate taverns and groceries." R. S. 1838, p. 581.

At the *January* term, 1840, of the board of commissioners of *Franklin* county, the plaintiffs, being a majority of the freeholders of the town of *Brookville*, presented to the board of commissioners a remonstrance against granting to any person, for the term of three years, a license to retail ardent spirits within said town. On the same day the defendant, *Pratt*, being a resident of *Brookville*, applied to the board for a license to retail spirituous liquors in that place. The remonstrants appeared before the board and opposed the application, but the Court granted the license. The remonstrants appealed. The Circuit Court, on the hearing, dismissed the cause, and this writ of error is prosecuted to reverse that judgment.

The reason assigned for the dismissal of the cause by the Circuit Court was, that the remonstrance filed by the appellants was too general in its terms in not opposing the particular application before the board of commissioners.

The law is " that no license [to retail spirituous or strong liquors] shall be granted to any person residing within any town or township, where a majority of the freeholders in such town or township shall remonstrate against the granting of the same." The object of the law is to protect the public morals and preserve the peace and quiet of society. Being designed for the public good, it should be so construed as to promote it.

If the construction contended for by the defendant should prevail, it would impose upon the majority the necessity of watching, and opposing by a separate remonstrance, each

individual application. That would be burdensome. The statute does not require such a construction to effect the design of the legislature. The evil which the statute puts it in the power of a majority of the freeholders to remove, can be as well suppressed by a general remonstrance against all applications, as by a remonstrance in each particular case. The term of years named in the remonstrance was no objection to it. It clearly expressed to the board of commissioners, the wish of a majority of the freeholders of *Brookville*, that shops for the retail of spirituous liquors should not be licensed among them.

We think the remonstrance was within the spirit of the statute, and that the Circuit Court erred in dismissing the cause.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*G. Holland*, for the plaintiffs.

*J. Ryman*, for the defendant.