*Harlan & Craddock* for plaintiffs; *B. & A. Monroe* for defendants.

---

TROVER.

*Case* 121.

## White *vs* Woodward & Rand.

### APPEAL FROM THE CLAY CIRCUIT.

#### *Partners and partnerships. Parties.*

*July* 6.

JUDGE SIMPSON delivered the opinion of the Court.

Case stated.

THIS is an action of trover and conversion by Woodward & Rand, partners in trade and the manufacture of salt, against the plaintiff in error, for eighty barrels of salt.

The defendant in the Court below, filed a plea, in which he set up and relied upon a purchase of the salt sued for, made by him at a Sheriffs sale, under an execution against Woodward, one of the plaintiffs.

To this plea the plaintiffs replied, that the property in the declaration mentioned, belonged to the plaintiffs as partners, and was not the individual property of the plaintiff, Woodward.

A demurrer to this replication having been overruled by the Court, the defendant failed to plead further; and a verdict was had and judgment rendered against him for the value of the salt.

It is well settled that the interest of a partner in partnership property may be sold under execution for his separate debt. As, however, partners have, in equity, a lien upon partnership effects, for the payment of all debts due by the firm, and also to secure any final balance in favor of either, the purchaser acquires by his purchase, the interest only of the partner against whom the execution issued, subject to this equitable lien.

*Tho' partnership property is liable to sale under execution for the separate debts of the partners, and the interest of the partner defendant only, is to be sold, it is nevertheless, subject to the equitable lien of the other partner to pay the partnership debts.*

Inasmuch, however, as the purchaser would be invested with the legal title to the property, to the extent of the right of the partner whose interest had been sold, it is evident an action of trover and conversion in the name of the firm, could not be maintained against him. He would be tenant in common with the other partner as to the property purchased by him; and the partner whose interest in the property had been sold, having no right to it, could not join in an action against the purchaser for its conversion.

*Where the legal interest of one partner in a chattel is sold under execution, no action at law can be maintained in the name of the firm against the purchaser.*

If the purchaser should convert the property to his own use, inasmuch as he only acquires by his purchase an undivided and unascertained interest therein, subject to all partnership debts and charges thereon, the other partners would have a right, in equity, to call him to an account, and compel him to pay over the whole value of the property, except the interest purchased by him, ascertained by a settlement for that purpose.

*The liability would be in chancery at the instance of the other partner.*

If there should be no partnership debts or charges upon the property, then he would be entitled to the undivided interest of the partner therein, whose right was sold, whatever it might be.

It has been doubted, in cases of the seizure of the joint property for the separate debt of one of the partners, whether a Court of equity would interfere, upon

*A Court of equity may interfere to prevent injury to one partner where the inter-*

est of another
partner in a chat-
tel, is sold under
execution, and
the purchaser is
about to alien, is
insolvent, &c.

a bill for an account of the partnership, to restrain the Sheriff from making a sale. But if it be admitted that the Court ought not to interpose to prevent a sale, yet if it appeared that the vendee, being insolvent, was about to alien the property, or do any other act that would operate to the prejudice of the other partners, and prevent them from obtaining ultimate redress, a Court of equity should extend its aid, as no adequate legal remedy would exist.

As the partnership property was liable to be siezed and sold under execution for the separate debt of one of the partners, the replication does not contain a sufficient answer to the plea which sets up and relies upon a purchase at such a sale.

Wherefore, the judgment is reversed and cause remanded, with directions to sustain the demurrer to the replication, and for further proceedings consistent with this opinion.

*Ensworth* for appellant.