Peck, J.
The petition was filed in this cause, by a judgment creditor of one member of a mercantile firm, to enforce a lien created by the levy of an execution upon his debtor’s interest in the firm, prior to any sale upon execution of the interest so levied on.
The demurrer to the petition raises several questions, the most important of which are:
1. Whether the separate creditor, by such levy, acquires, *649 R law, any lien upon his debtor’s interest in the joint assets, and if so, its nature and extent ?
2. Whether such separate creditor, after the levy and before the sale, can invoke the equity powers of the court, to ascertain the extent of the debtor partner’s interest in the goods thus seized ?
Each partner has a legal interest and right of possession, as to all the joint assets, and it would be strange, indeed, and contrary to public policy, if such an interest could not be seized and subjected to the payment of any judgment against him. To hold otherwise, would place it in the power of an unscrupulous debtor, by entering into such relations, to screen his property, or to so hedge the approaches to it, as to render it almost, if not altogether, inaccessible to his creditor. This, justice and sound policy will not permit,' and, accordingly, we find it universally admitted, that the interést of a partner in the tangible property of a firm, is liable to seizure, upon execution, in favor of his separate creditor. Mayhew v. Herrick, 62 Eng. C. L. (7 M. & G.) 240; White v. Woodward & Rand, 8 B. Mon. 485; Phillips v. Cook, 24 Wend. 389; Scrughan v. Carter, 12 Wend. 131; Walsh v. Adams, 3 Denio, 125; Church v. Knox, 2 Conn. 514; Newhall v. Buckingham, 14 Ill. 405; Whitney v. Ladd, 10 Verm. 165; Knox et al. v. Sumner, 4 Yeates, 477; Moore & Co. v. Sample, 3 Ala. 319; Burgess v. Atkins, 5 Blackf. 377; Deal v. Bogue, 20 Penn. St. 228; Place v. Sweetzer et al. 16 Ohio Rep. 142; Collyer on Part. sec. 822, et seq.; Story on Part. sec. 261, et seq.; 1 Parson’s on Cont. 176, et seq.
But while the right to levy is thus conceded, the authorities differ widely, as to the course to be pursued by the creditor and the officer executing the writ.
In -some cases, the right of the officer to take the goods, even temporarily, out of the immediate possession and control of the other partners, is denied, and in others, a temporary interruption of their possession, in order to'take an inventory, is reluctantly permitted; still the decided weight of authority seems to be, that the officer may, and, for his own security and that of the execution creditor, should take possession of *650 all the chattels levied on, and after the sale of the debtor’s interest therein, re-deliver the same to the other partners and the purchaser, who are said to be tenants, in common of the chattels so sold.
The levy and sale must be of an undivided interest in the chattel, corresponding to the debtors share or nominal interest in the firm; but it is also well settled, that the separate creditor or the purchaser at such sale, acquires only the beneficial interest of the debtor partner in the articles sold. Each partner holds his interest in the joint property, subject to a trust for the partnership creditors, and the claims of his several co-partners ; so that the beneficial interest of each, is his residuary share after the partnership accounts are settled, and their rights, inter sese, adjusted.
The seizure and sale is, pro tanto, at least, a dissolution of the partnership, and calls for an adjustment of the joint business. If the partnership is then entirely solvent, the beneficial interest of the debtor in the articles sold, may equal his proportionate share in the joint business; but if not so, a part, if not the whole, of his interest therein, may be required to liquidate the balance due from him on the final adjustment.
Inasmuch as the levy and sale must be of an undivided part of the chattel, equal to the debtor’s original interest in the joint business, while the purchaser acquires only the present beneficial Interest of the debtor, it is manifest, that the uncertainty as to the extent of that interest, must seriously embarrass the sale. It would, doubtless, be much better for all parties, if the beneficial interest of the debtor could be ascertained before the property is offered for sale, especially if there is any reason to apprehend, that the beneficial interest of the debtor is much disproportioned to his apparent interest.
Courts of law are not provided with suitable means for adjusting the complicated accounts of a partnership (Story on Part., sec. 262), though it seems that the court of king’s bench has, in some instances, directed the taking of such account previous to a sale. Oollyer on Part., sec. 827.
The separate creditor acquired, by his levy, a lien upon the *651 legal interest in possession of his debtor, but owing to the conflicting rights and interests of the other partners, that lien can not be precisely ascertained nor adequately enforced at law. On general principles, then, as well as in analogy to the relief granted in equity, in cases of conflicting liens upon real estate, requiring the adjustment of complicated accounts and a marshaling of assets, it would seem that either party, the creditor or the other partner, should have the right, by petition, to require a settlement of the partnership account, and an ascertainment of the beneficial interest of the debtor partner, before that interest is subjected to a sale.
Judge Story, in section 268 of his treatise on partnerships, while treating of the levy of an execution by the creditor of one partner, upon that partner’s interest in the joint property, says : “ the judgment creditor himself may file a bill against the other partners, for the ascertainment of the quantity of that interest, before any sale is actually made under the execution.”
It was held, indeed, in Moody v. Paine, 2 Johns. Ch. 548, that one copartner could not file a bill against the separate creditor of his copartner, who had levied an execution upon that partner’s interest in the joint property, for an account-of the partnership, and to enjoin a sale until the taking of such account. Judge-Story, in commenting upon this decision, in section 264 of his said treatise, arrives at the conclusion, and we think correctly, that the decision in Moody v. Paine is unsound in principle, and not sustained by the authorities.
In Place v. Sweetzer et al., 16 Ohio Rep. 142, it was also held, that a bill might, in such case, be filed by a partner against the separate creditor of a copartner, to restrain a sale upon execution, until an account could be taken of the partnership and the beneficial interest of the debtor partner ascertained.
In Sutcliffe v. Dohrman, 18 Ohio Rep. 181, the court reviews and fully approves of the decision in Place v. Sweetzer, as correct in principle; and upon page 186 says, that the *652 creditor also liad an equal right to appeal to a court of chancery hy bill, to have his rights determined in relation to the property, instead of resorting to a sale under the execution.
It is clear, we think, upon principle and upon authority, that the levying creditor, in the case at bar, having acquired a lien by the seizure, in execution, of his debtor’s interest in the tangible property of the firm, might properly file his ¡petition against the other partner for an account of the partnership, and the ascertainment of his debtor’s interest in the property seized, before a sale upon execution.
The rule, in Ohio at least, seems therefore to be, that upon such levy being made, it is the right of the creditor and of the other copartners, should either desire, to invoke the equity powers of the court to adjust the partnership business and to stay proceedings under the execution, till the beneficial interest of the debtor partner in the goods seized has been ascertained. But that if the creditor does not so elect, and no suoh steps are. taken by the other partners, the officer executing the writ must sell the apparent interest of the debtor in the chattels levied on, and upon such sale, redeliver the same to the other partners and the purchaser who will then be owners in common, subject to a lien in favor of the other partners and the joint creditors, upon the interest of the debtor partner in the hands of the purchaser, for any .balance due upon final adjustment of the partnership account.
It does not appear, from the averments of the petition, that the officer executing the process took the goods seized into his exclusive possession, and it is perhaps inferable from the petition, that he suffered the same to remain in the custody of the other partners without receipt or security. His doing so, however, was not an abandonment of the levy (Gwynne on Sheriffs, 212); and as the petition avers that the other defendant, Atkison, who still holds the goods and by purchase from Nash, claims the entire property therein, was aware of the levy at the time it was made, the defense of a hona fide purchaser could not be interposed.
*653 The judgments of the district court and court' of common pleas reversed, the demurrer to the petition overruled, and the cause remanded to the common pleas for further proceedings.
Sutliee, C.J., and Gholson. Brinkerhoee and Scott, JJ., concurred. .