THOMAS H. SWEET and ALBERT E. SWEET, Copartners, *vs.* READ & RICHARDS.

In Rhode Island a garnishee may make his affidavit at any time during the term of court next after his garnishment, notwithstanding judgment may have been entered against the defendant in the course of such term and before the affidavit is made.

*Phetteplace & Seagrave* v. *Lincoln,* 1 R. I. 287, affirmed.

A creditor cannot supplement a garnishee's affidavit by extrinsic testimony and recover partly on the affidavit and partly on the testimony.

A copartnership credit cannot be attached by process of foreign attachment for the individual debt of one of the copartners.

CASE, against the defendants as garnishees. On demurrer to the replication.

*June* 12, 1878. DURFEE, C. J. We think a garnishee under our statute is entitled to the whole of the term next after his garnishment to come in and make affidavit, and that entering up judgment against the defendants in the action in which he is garnished before the end of the term does not deprive him of this right. *Phetteplace & Seagrave* v. *Lincoln,* 1 R. I. 287. This disposes of the first two counts which seek to charge the defendants as garnishees for not duly making affidavit. The defendants did make affidavit during the term next after their garnishment, but not until after judgment was rendered. The affidavit, notwithstanding the judgment, was in time.

The third count sets forth that after judgment the defendants made affidavit to the effect that they were indebted to Philander Putnam, the defendant in the original action, and to one Nehemiah Kimball, copartners as Kimball & Putnam, in the sum of $504, and goes on to aver that said sum of $504 was in fact due to said Putnam alone, the said Putnam being then alone in business under the firm name and style of Kimball & Putnam. The count does not aver that the defendants, knowing that the debt was due solely to Putnam, falsely and tortiously made affidavit that it was due to Kimball & Putnam, and does not seek to charge them for any misfeasance of that kind; but, after alleging the recovery of judgment in the original action and the issue of execution which the defendants, though requested, failed to satisfy, claims to recover of them the amount of the judgment by force of the statute. The count cannot be sustained; for under the statute, when affidavit is made, the creditor can recover of

the garnishee, to the extent of his judgment, only such personal estate of the debtor as the affidavit discloses. Gen. Stat. R. I. cap. 197, § 13. The creditor cannot supplement the affidavit by extrinsic testimony and recover partly on the affidavit and partly on such extrinsic testimony.

The affidavit filed by the defendants showed that at the time of the service they were indebted to Kimball & Putnam, a firm or copartnership of which Putnam was only one of the two copartners, and that otherwise they had not in their hands any of the personal estate of said Putnam. A mere copartnership credit is not attachable by process of garnishment for the individual debt of one of the copartners. Drake on Attachment, §§ 567–570; *Lyndon* v. *Gorham*, 1 Gall. 367; *Church* v. *Knox*, 2 Conn. 514.

The fourth count seeks to charge the defendants for not paying an order drawn on them in favor of the plaintiffs by said Putnam in behalf of the firm of Kimball & Putnam. The count alleges that Putnam drew the order in consideration of his indebtedness to the plaintiffs and in discharge of the attachment; that the defendants had in their hands more than money enough to pay the order, and that by reason of their refusal to pay it and of their deceitful, careless, and fraudulent management of the fund, the plaintiffs have failed to recover their debt of Putnam. We do not discover that this count discloses any cause of action. It shows simply that an order drawn on the defendants by or in behalf of their creditors, Kimball & Putnam, in favor of the plaintiffs, was not paid when presented. It does not show that the defendants ever accepted the order or ever came under any obligation to the plaintiffs to pay it. It is true there is a general allegation of careless and fraudulent mismanagement, but the allegation, besides being bad for uncertainty, amounts to nothing so long as it does not appear that the plaintiffs had any legal right or claim to careful and honest management. It is not claimed that the defendants had any specific moneys belonging to Kimball & Putnam, or were anything more than mere debtors. Such being the case, the order unaccepted would not confer any legal right, and being for less than the whole debt, could not operate even as an equitable assignment. It is true the plaintiffs allege in their replication that Kimball & Putnam, besides giving the order, executed an assignment. But even this allegation,

conceding it to be allowable under the rules of pleading, does not show any right on the part of the plaintiffs to sue the defendants at law in their own names.

*Demurrer sustained and judgment for the defendants for costs.*

*Slocum & Allen,* for plaintiffs.

*Tillinghast & Ely,* for defendants.