# Vandike *versus* Rosskam *et al.*

1. V. & S. entered into articles of limited partnership, V. as special partner, to contribute $3000 in cash; he contributed in cash about $700, and the remainder in goods; no appraisement of the goods was made and the sign was in the name of S. only, &c. *Held*, that under the Act of March 30th 1865, V. was to be treated as a general partner.

2. The goods contributed by V. were subject to all the incidents of property of a general partnership and were not the sole property of V.

3. On an execution against one partner the sheriff can levy only on the interest of the partner in the firm and cannot seize the goods of the firm.

4. Firm goods were levied on as the property of S., one of the partners: in an interpleader, the issue was to try whether the goods were V.'s, the other partner. The court in answer to a point charged that the sheriff could levy only S.'s interest in the firm, but added he might seize the corpus. *Held*, that the point was irrelevant and the qualification did V. no harm.

4. If the issue had been whether the goods were the firm's, the qualification would have been error.

January 12th 1871.　Before THOMPSON, C. J., READ, AGNEW, and WILLIAMS, JJ.　SHARSWOOD, J., at Nisi Prius.

Error to the District Court of *Philadelphia*: No. 432, to January Term 1870.

This was a sheriff's interpleader, filed December 30th 1869, in which John A. Vandike was plaintiff and claimant, and Isaac Rosskam and others, trading as Rosskam, Gerstley & Co., were defendants. The issue was, "was Vandike the owner of the goods when the levy was made?" The goods, which were the subject of the interpleader, had been levied on as the goods of James H. Smith, under an execution on a judgment against him in favor of the defendants.

On the trial, March 2d 1870, before Stroud, J., the plaintiff gave in evidence articles of agreement, dated November 25th 1869, by which he and Smith agreed to enter into a limited partnership for the purpose of carrying on the wholesale liquor business at 1303 Poplar street, Philadelphia, under the name of " James H. Smith;" the plaintiff to be special partner, and to contribute $3000 in cash, Smith to be the general partner, and contribute his skill, knowledge and personal attention, and make

[Vandike *v.* Rosskam.]

sales and purchases; the partnership to commence on the 1st of December 1869, and continue for three years, Smith to receive from the profits $20 a week, and the plaintiff the remainder. Also, certificate signed by the parties, containing the stipulations of the agreement, with the affidavit of Smith appended, "that the sum of $3000, specified in the said certificate to have been contributed by the said special partner, John A. Vandike, therein named, has been so contributed, and actually in good faith paid in cash." The certificate was recorded November 30th 1869.

The plaintiff gave in evidence the advertisement of partnership, setting forth the name of the firm, its place and kind of business, the residence of the partners, and that the "sum furnished by said special partner is $3000 in cash," &c.

The plaintiff then called Smith, who, amongst other things, testified that the name "James H. Smith" was over the door of the store; he also testified that the goods were the plaintiff's, and were levied on in the store of the partnership.

The plaintiff testified: "I bought these goods; the balance, $645, I put in in cash." There was other evidence that the goods belonged to the plaintiff.

The plaintiff closed, and, no evidence being offered by the defendants, requested the court to charge the jury:—

1. If the jury believe that the claimant as special partner bought the goods claimed in this issue and put them into the store 1303 Poplar street, their verdict should be for the claimant.

2. That under an execution against one partner the sheriff has the right to levy only upon said partner's right, title and interest in the firm.

The court declined the 1st point, and in answer to the 2d charged:—

"This is true, but the sheriff in such case may seize the property—the corpus."

The verdict was for the defendants.

The plaintiff took out a writ of error, and assigned the answers to his points for error.

*L. Hirst* (with whom was *J. P. O'Neill*), for plaintiffs in error, referred to Act of March 21st 1836, relating to Limited Partnership, §§ 1, 15, Pamph. L. 143, 145, Purd. 658, 660, pl. 1, 18.

*R. White* (with whom was *G. H. Earle*), for defendants in error, referred to same Act, § 17, Purd. 660, pl. 20; Act of March 30th 1865, § 1, Pamph. L. 46, Purd. 1400, pl. 1.

The opinion of the court was delivered, February 9th 1871, by WILLIAMS, J.—This was an issue, under the Sheriff's Interpleader Act, to determine whether the goods seized by the sheriff,

[*Vandike v.* Rosskam.]

under an execution in favor of Rosskam, Gerstley & Co. against James H. Smith, were the property of John A. Vandike, the claimant.

To sustain the issue on his part, the claimant gave in evidence articles of agreement between himself and James H. Smith, dated November 25th 1869, by which they agreed to associate themselves together in a limited or special partnership for the purpose of carrying on and conducting, in the city of Philadelphia, the wholesale liquor business, under the name of James H. Smith, for the term of three years from the 1st of December 1869 ; of which limited partnership it was agreed that the said John A. Vandike is the special partner, and as such is to contribute the sum of $3000 in cash to the partnership; and the said James H. Smith is the general partner, and is to contribute on his part to the interests of the partnership, his skill and knowledge in the conducting of the said business, and his personal attention in all matters concerning the same, and also to make all the sales and purchases in the said business; and, in consideration of his services in the management of the business, shall be entitled to draw and receive the sum of $20 per week for every week during the partnership; and the said special partner shall receive and take the net profits of the said business remaining after deducting the said allowance payable to the said James H. Smith; and for the purpose of ascertaining such profits the said partners shall, on the 1st day of December 1870, and on the first day of every year therefrom of said partnership, take a full account of all stock on hand, and of all profits of said business, after deducting the expenses during such time, and the remainder of such profits, after deducting such expenses and the said allowances drawn by the said James H. Smith, shall be, so far as can be determined, payable to and subject to the order of the said special partner.

He also gave in evidence the certificate of partnership required by the act, duly signed and acknowledged by the parties, setting forth, among other things, that the said special partner has contributed to the common stock of said firm or partnership the sum of $3000; and an affidavit of the general partner that the sum of $3000, specified in the certificate to have been contributed by the special partner, John A. Vandike therein named, has been so contributed, and actually in good faith paid in cash; and showed by the certificate of the recorder of deeds, &c., in and for the city of Philadelphia, that the said certificate and affidavit had been duly filed and recorded in his office in the limited partnership book kept for that purpose; and that the terms of the said partnership had been published as required by the statute; and then gave evidence tending to show that he bought the goods levied on, and contributed them to the partnership, and that he put into the said partnership the sum of $645 in cash, being the

[Vandike *v.* Rosskam.]

balance of the amount which he had agreed to contribute to the common stock of said firm. And thereupon—the defendants having given no evidence—he requested the court to charge :—

1. That if the jury believe that the claimant, as special partner, bought the goods claimed in this issue and put them into the store 1303 Poplar street, their verdict should be for the claimant.

2. That under an execution against one partner the sheriff has the right to levy only upon said partner's right, title and interest in the firm.

The court declined the 1st point, and charged as to the 2d point :—

"This is true, but the sheriff may seize the property—the corpus."

The refusal of the court to charge as requested in the claimant's 1st point, and the answer to the 2d point are assigned as error—ought the court, then, to have answered the 1st point as requested, and to have affirmed the 2d without qualification, as contended by the plaintiff in error ?

According to the claimant's own testimony he had not contributed the sum of $3000 to the common stock of the partnership in actual cash payments as averred in his certificate, and as sworn to by the general partner in his affidavit filed in the recorder's office; but by his own showing he had contributed only $645 in cash, and the residue in goods or merchandise. It is true, that under the Supplemental Act of 30th of March 1865, Pamph. L. 46, it was lawful for him to make his contribution to the common stock of the partnership in goods or merchandise if the same had been first appraised under oath by an appraiser appointed by the Common Pleas of Philadelphia, and if the nature and value of the said goods had been fully set forth and described in the certificate of partnership, as required by the 1st section of the act. But this was not done. Nor was a sign put up in front of the building where the business of the partnership was carried on, with the names of all the members of the partnership painted thereon, stating the name of the general partner and the name of the special partner, as required by the 2d section of the Supplemental Act. The evidence shows that the name of James H. Smith was over the store where the business was carried on, but there was no proof that the name of the special partner was painted on the sign. The claimant having failed to comply with these essential requirements of the law, it needs no argument to prove that he is not entitled to the rights and immunities of a special partner, but is to be regarded and treated as a general partner for all intents and purposes; and, therefore, the goods contributed by him to the common stock were subject to all the liabilities and incidents of property belonging to a general partnership. When levied on by the sheriff, the goods were not the sole

[Vandike *v.* Rosskam.]

and exclusive property of the claimant, but they belonged to the partnership of which he was a member.   It follows that there was no error in refusing to charge as requested in the plaintiffs' first point: Myers *v.* Prentzell, 9 Casey 482; Stewart & Co. *v.* Wilson, 6 Wright 450.

Nor was there any such error in the qualified answer of the court to the second point, as did the plaintiff any harm.   It is undoubtedly true that under an execution against one partner, the sheriff can levy only on the right, title and interest of such partner in the property of the firm.   He cannot seize and sell the partnership property on an execution against one of the partners, as the authorities show: Knox *v.* Summers, 4 Yeates 477; Doner *et al. v.* Stauffer *et al.*, 1 Penna. Rep. 198; Deal *v.* Bogue, 8 Harris 228; Reinheimer *v.* Hemingway, 11 Casey 432.   It was said by Woodward, J., in delivering the opinion of the court in Deal *v.* Bogue, *supra*, that partners are joint-tenants of all the stocks and effects employed in their business.   No partner can have a separate interest in any part of the property belonging to the partnership, though each has an entire as well as joint interest in the whole of the joint property.   A levy then, to affect the interest of a partner, cannot touch a specific proportion of the goods, nor the whole, because others have property in every part, as well as the whole, coupled with a right, resting in contract, to use them for the purposes for which the partnership was instituted. The only levy that can be made, consistently with the relation the partners sustain to the goods, is of the debtors' interest in the whole, and that is to be measured by final account.

But if the court was mistaken in qualifying the affirmance of the plaintiffs' point with the instruction that " in such case the sheriff might seize the property—the corpus," the error did the plaintiff no harm, because it was wholly irrelevant to the issue, and for this reason the court might have declined to answer the point.   The issue was as to the claimant's ownership of the goods levied on by the sheriff.   If he was the owner, he was entitled to a finding in his favor; but if he was not, then he was not entitled to recover, though the sheriff may have had no right to seize the goods on the execution against his copartner.   If the goods had been claimed as the property of the firm, and the partnership had been made plaintiffs in the issue, it would then have been the duty of the court to have given the instruction prayed for, and the qualified affirmance of the point would have been such error as would have entitled the plaintiffs to a reversal of the judgment, for it would have prejudiced their right to recover. But as the issue was formed, it did the claimant no harm, for the evidence showed that he was not the sole and exclusive owner of the goods, and was therefore not entitled to a finding in his favor.                                        Judgment affirmed.