CHIEF JUSTICE WILLIAMS
delivered tiie opinion of tiie court!
Appellee having an execution against Redmon,' the officer levied it upon some cattle which Hinde, Drake- & Co. claimed to own, and they executed a claimant’s bond, with appellant as their security, under section 713, Civil Code.
Smith, upon proper notice, prayed judgment against the obligors in the bond, whereupon the issue was submitted to the court, which rendered judgment thereon for eight hundred and forty dollars, with interest and costs and ten per cent, damages, which appellant seeks to reverse. . - -
The evidence sufficiently establishes that Redmon being insolvent, and his wife owning an undivided half of forty acres of land, on which was established a distillery and *542 fixtures, and Mrs. Hinde owning the other half, it was agreed between Mr. Hinde, her husband, Drake, and Mrs. Redmon, to make a partnership for distilling purposes ; that Mrs. Redmon was to furnish one half the distillery and fixtures, and have one third the profits, and bear the same part of the losses, and that Hinde and Drake were to furnish the other part of the machinery, fixtures, &c., and the means to carry it on, and have two thirds the profits, and bear a pro rata of losses. Mr. Redmon was to conduct the business without salary.
That he (Redmon) took out license from the proper revenue officer of the United States in his own name, to conduct the business, which he says was done in order to give the firm the benefit of his trade-marks in the market, he being well known as a manufacturer; that the firm furnished him with thirty-five dollars to pay in advance on said cattle, and he gave his individual note for the balance, which the firm afterwards paid; and that the éstablishment had sunk one thousand four hundred dollars instead of makipg profit; that slopping cattle was a means of profit.
, The sheriff’s return on the execution shows that sixteen head, of cattle were levied on, and forthcoming bond-executed, December 23, 1867, by Hinde, Drake & Co., with Williams as security; the bond bears the same date, but the number of cattle is. left blank, nor is their value specified. The certificate of the three appraisers of same date shows they appraised twenty-eight cattle, levied on under said execution, at eight hundred and forty dollars.
It may well be doubted whether this bond, being so defective, would at all authorize a judgment on motion, as a statutory obligation, whilst no doubt, as a common law obligation, it would sustain a common law action, *543 Or its equivalent proceeding, under the Civil Code; but if regarded as a good statutory bond, the judgment is still erroneous. By section 484, Civil Code, in chapter on sumipary proceedings, including various specified causes, “ and in all other cases specially authorized by statute,” it is provided, that “the motion shall be heard, and determined without written pleadings, and judgment given according to law and the rules of equity”
The suspension of execution sales of personal property by claimants other than the execution debtor, is provided by section 713, Civil Code; and section 716 authorizes the plaintiff to move for judgment on such bond. Under these several provisions there can be no doubt but that any equitable cause can be shown against judgment on such bond, in whole or part, in connection with the statute of February 12, 1858. Tested by the rules of equity, the plaintiff in .this execution was only entitled to have one third of this property sold, because the joint and undivided, interest of Hinde and Drake was not subject to be sold for Redmon’s debt; and the other interest could only be sold because there is nothing in the record- to show that Mrs. Redmon had either a separate estate, or had been authorized to trade as a feme sole under our statute of February 14, 1866 (Myers’ Supplement, 728). Then, regarding the interest of Mrs. Redmon as inuring to the benefit of her husband, a settlement of the partnership should be made, and only his interest subjected, if there remained any interest in these phttle to him, especially since the enactment of February 12, 1858, Civil Code (page 202), which makes it the duty of the sheriff, when levying upon joint property to satisfy the separate debt of one of the owners, first to notify in writing the other joint owners, and then, if they fail to so notify him for fifteen days, he may pro *544 ceed to sell. In this case, however, it does not appear where Hinde, one of the partners, resided. Drake, the other, was a non-resident; but as the claimants gave their bond, all these notifications may be deemeij waived, and the cause to be finally disposed of upon equitable principles. Nor does the case of Watson vs. Gabby (18 B Mon., 660) conflict with these views, as it was decided anterior to this last enactment; and besides, section 484, Civil Code, is not referred to therein, and must have either been overlooked' or since enacted; and the case of White vs. Woodward (8 B. Mon., 484) sustains the principles of this opinion. But however this may be, we are satisfied now, that, under these various enactments and provisions of the.. Code, this case should be decided upon equitable principles, even when a jury is called to determine whether or not the defendant in the execution is interested in the property sought to be subjected to the sale.
Whereforé,, the judgment is reversed, with directions for further proceedings consistent herewith..