## L. B. HUDSON *v.* B. STONE.

**Levy on Property—Rights of Third Persons Claiming the Property.**
    Where an officer levies on personal property claimed by a third party
    he must appoint appraisers to appraise the property, and the claimant
    may refuse to give the required bond until the officer takes such action.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

October 18, 1875.

OPINION BY JUDGE COFER:

When an officer has levied an execution upon personal property, and any person other than the defendant in the execution claims the property and desires to suspend the sale, it is the duty of the officer to select three housekeepers and administer to them an oath to make a fair appraisement of each article of the property, whose appraisement shall be recited in the bond. Secs. 713-714, Civil Code.

Until such appraisement is made, the claimant may refuse to give the bond, and the officer will have no right to proceed with the levy. But if the officer selects but two instead of three persons to make the appraisement, and the claimant executes bond reciting such appraisement, the irregularity will be waived, and the bond will be valid as a statutory bond.

We are, therefore, of the opinion that the court properly over-

ruled the appellant's motion to quash the bond. Nor did the court err in striking the appellant's written response to the motion from the files. Sec.' 479 of the Code provides that judgments may be rendered upon motions in the several classes of cases therein enumerated, and in all other cases specially authorized by statute. Sec. 716 provides that judgment may be rendered on motion upon a bond given to suspend a sale of property under execution, and Sec. 484 provides that motions shall be heard and determined without written pleadings, and that judgment shall be given according to law and the rules of equity. It results, therefore, that no written pleadings are allowed in such case. *Williams v. Smith,* 4 Bush 540.

The appellant had a mortgage upon the property levied upon for a sum greatly exceeding its value, and it was on account of his claim to it under his mortgage that he executed the bond. The appellee insists, however, that as the interest of Bryant, i. e., the equity of redemption, was subject to levy and sale under his execution, the property was so far subject to the execution as to render the appellant liable on the bond for the full value of the property, not exceeding the amount of the execution and ten per cent. thereon.

This question seems to be settled by the decision in *Smith v. Wells's Adm'x,* 4 Bush 928. The facts of that case were these: W. W. Smith and wife rented a farm of Middleton, and gave bond for the rent, with Reuben Smith as surety. While Smith and wife occupied the leased premises, executions against W. W. Smith were levied upon twenty-five fat hogs on the premises, as the property of said W. W. Smith. The surety, Reuben Smith, claimed the hogs, and executed bond to suspend the sale, and subsequently paid the rent and took an assignment from Middleton to himself, of the rent bond, and of all the rights of the landlord. The execution plaintiff moved for judgment on the bond, and judgment was rendered accordingly; but this court reversed the judgment, holding that as the landlord had a lien upon the hogs for the rent, and had assigned that lien to Reuben Smith, the latter was thereby substituted to the rights of the former, and that as the value of the property appeared to be less than the claim for rent, the execution plaintiff was not entitled to recover on the bond. This case is not distinguishable from that, and we must hold that the court erred in rendering judgment against the appellant, unless, as claimed by the appellee, the mortgage was fraudulent.

The evidence relied upon to establish the fraudulent character of

the mortgage is that it was not recorded for several months after it was executed and acknowledged, and that the appellant, since the execution of the bond which is the foundation of this proceeding, consented to the removal of the property from the state.

Bryant and the appellant swore that the indebtedness expressed in the mortgage in fact existed, and that there remains an unpaid balance of over four thousand dollars, and that after the property was removed to another state, a new mortgage was executed upon it; and there is nothing in the record to contradict their statements.

Wherefore the judgment is *reversed,* and the cause remanded for a new trial upon principles not inconsistent with this opinion.

*W. O. Dodd, for appellant. James Harrison, for appellee.*