JUDGE ELLIOTT
delivered the opinion op the court.
E. A. Lair’s guardian obtained a judgment in the Bourbon Circuit Court against Isaac Cunningham, who was principal in tbe debt, and Robert Cunningham and W. K. Penn, bis sureties, for over $900, and shortly thereafter had execution issued thereon, which W. K. Penn discharged by payment of the debt, interest, and cost, and took from the creditor an assignment of the judgment, as provided by law, to enable *590 him to collect from the principal debtor, by execution on the judgment, the amount he had paid as his surety.
W. K. Penn then caused a fi. fa. to be issued in the name of Lair’s guardian, for his use against Isaac Cunningham and his securities, and had the same levied upon some real estate, and also on various articles of personal property.
Appellee F. H. Wilson claimed the personal property levied on, and executed a claimant’s bond as required by section 645 of the late Civil Code of Practice. By this bond appellees undertook that if it should be adjudged that the articles levied on were subject to the execution, they would pay to W. K. Penn, whom they styled the plaintiff in the execution, the value of the property and ten per cent thereon, not exceeding the amount due on the execution and ten per cent thereon.
Penn, in the name of the plaintiff in the execution and himself, gave notice, as required by law, that on the 3d day of the October term of the Bourbon Circuit Court, 1876, he would move for judgment on the claimant’s bond against the appellees. On the trial of the motion, by consent, the law and facts were submitted to the court and appellant’s motion for judgment against appellees refused, because the claimant’s bond was executed to appellant Penn instead of to the plaintiff in the execution which was levied on the property, which was released by the execution of the claimant’s bond.
Section 645 of the Civil Code of 1877 is a literal copy of section 713 of the former Civil Code of Practice of this state, and this court, in Watson v. Gabby (18 B. Mon. 658) ruled that the bond, which a claimant of property levied upon by execution is permitted to execute by virtue of section 713 of the Civil Code, must be executed to the plaintiff in the execution and not to an assignee of the benefit of the execution. It is said, however, that this decision has been questioned by this court in the case of Williams v. Smith (4 Bush, 540.)
*591 In Watson v. Gabby this court decided that the claimant, on a motion for judgment on his bond, could not set up his equitable interest in the property levied on and released by the execution of the claimant’s bond as a defense to the motion of the obligee in the claimant’s bond, and this ruling was substantially overturned in Williams v. Smith.
But that part of the opinion in the case of Watson v. Gabby has not been questioned which decides that the claimant’s bond indicated by section 713 of the former Code, and upon which judgment can be obtained on motion pursuant to notice, must be executed to the plaintiff in the execution, and not to the beneficial owner of the judgment and execution or assignee thereof, because by section 713 supra the bond is required to be executed to the plaintiff in the execution, and not to the assignee thereof or beneficial owner.
Wherefore the judgment is affirmed.